UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P38-R

WILLIAM EVANS                                                        PLAINTIFF

v.

HARRY CHRISTOPER VINSON *et al.*                           DEFENDANTS

MEMORANDUM AND ORDER

Plaintiff William Evans, *pro se*, filed a motion for a preliminary injunction alleging

retaliation and denial of access to courts that will affect his ability to prosecute this action

(DN 83).  Defendants filed a response arguing that Plaintiff has failed to show that he is likely to

suffer irreparable harm and also that the Kentucky State Reformatory (KSR) Legal Services Staff

at which the motion is directed are not parties to this action (DN 88).  Plaintiff did not file a

reply.  This matter being ripe for consideration, for the reasons that follow, the Court will deny

the motion for preliminary injunctive relief.

I.

Plaintiff moves this Court for entry of a preliminary injunction against the following two

KSR employees, whom he identifies as the "real parties of interest":  Laura Simpson, Legal

Service Provider/Program Director, and Jane Doe Jefferson, Sergeant/Correctional Officer.

Plaintiff's claims in the complaint concern events that occurred while he was incarcerated

at the Kentucky State Penitentiary.  On October 12, 2010, he was transferred to KSR, where he

continues to be incarcerated.  Plaintiff claims that on August 29, 2011, "[d]uring the course of

additional discovery to his compliant," he ran out of legal supplies and made a request for them

pursuant to CPP 14.4, KSR 14-00-01, and KSP 14-04-01.  Ms. Simpson denied his request

stating, "I put paper in the legal office ___ to another inmate."  On the following day, Plaintiff

again went to Ms. Simpson asking for "my 'legal supplies'" pursuant to CPP 14.4 and advising, "I am in need and have not received my weekly supplies as required by CPP 14.4." Plaintiff reports that Ms. Simpson again "informed me that, she gave paper (supplies) to another inmate." On the next day, August 30th, Plaintiff filed a grievance and also wrote a letter to counsel for Defendants in this action and to this Court.

According to Plaintiff, on September 1, 2011, Ms. Simpson told Plaintiff that she wanted to see him in her office. Upon his arrival, Ms. Simpson and Jane Doe Jefferson were both present. Ms. Simpson stated, "Mr. Evans, I noticed that you filed a grievance, you attached a personal letter (the letter to the court and counsel) and the computer is to be used for legal purposes only, therefore, you are being written-up and fired." Plaintiff advised that the letter was not a personal letter. It was effectively a legal letter written to opposing counsel to keep her informed of situations. Jane Doe Jefferson then stated, "Well prove it!" Plaintiff produced his case files and documents, and Ms. Simpson, after reading the legal materials, stated, "this don't say anything about any 'legal supplies.'" Plaintiff was then informed that instead of being written up and fired, he was being placed on suspension for an indefinite period of time. He states that while CPP 14.4 permits legal aides to be removed from their position for various reasons, it does not authorize an inmate to be suspended indefinitely.

Plaintiff thus seeks a preliminary injunction directing that he be allowed access to the courts and an opportunity to retrieve all motions in this case now lodged in his legal computer, that a fair review be given to him to prove his innocence, that his grievance be given a fair and impartial process, and that he not be transferred for retaliatory purposes.

## II.

To determine whether to grant a preliminary injunction, a district court must consider: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance. *Summit Cnty. Democratic Cent. and Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to issue an injunction. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

With respect to a showing of a strong likelihood of success on the merits, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show harm that is not remote or speculative, but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *See Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

Plaintiff alleges that he is likely to succeed on the merits as Defendants and their agent affiliates have intentionally retaliated against him to deny him access to courts. He claims

irreparable harm "because of the recent time limits pursuant to the 'Scheduling Order, DN 79, issued by the District Court . . . on 08/4/11, as the plaintiff was in the process of additional discovery, DN 79, (2).  Without any supplies, plaintiff is denied an adequate and effective access to the Courts."  He claims it would be in the public's interest for prison officials to obey the law. Finally, he claims that the balance of hardship favors him as the instant case will be in jeopardy or disposed of if he is unable to meet the obligated due dates pursuant to the Court's Scheduling Order.

Upon consideration, the Court concludes that Plaintiff's motion fails due to the lack of a immediate and irreparable injury.  While he projects that the Court's failure to grant the motion will cause his case to suffer, this claim is speculative at best.  To be sure, a review of the record reveals that Plaintiff has continued to file various documents in this action since the filing of his motion for preliminary injunctive relief, and that he has met all Court deadlines to date.  The Court's August 4, 2011, Scheduling Order directed that Plaintiff file his amended complaint by September 6, 2011, which he did.  It further directed that any additional discovery be completed by October 7, 2011, and the record reveals that on October 5, 2011,[1] Plaintiff filed his notice of filing "Pretrial Discovery."  The Order additionally directed that no later than November 7, 2011, Plaintiff file his pretrial memorandum, which he did on November 2, 2011.  Plaintiff has not shown that he will not or cannot continue to meet any deadlines in this action or continue to prosecute his case effectively.

---

[1]Under the mailbox rule, a prisoner's filing is deemed filed when the prisoner gives the filing to prison officials for mailing.  *See, e.g., Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."); *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (applying mailbox rule to response to motions to dismiss).

**IT IS THEREFORE ORDERED** that the motion for a preliminary injunction (DN 83) is **DENIED**.

Nothing in this Memorandum and Order, however, shall prohibit Plaintiff from filing a separate civil-rights action against any KSR officers/employees, whom he believes to be violating his federal rights.  The **Clerk of Court is DIRECTED** to send Plaintiff a form for filing a civil-rights complaint pursuant to 42 U.S.C. § 1983, should he desire to file a new action.

Date:

cc:     Plaintiff Evans, *pro se*
        Counsel of Record
4413.005