


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-00038-TBR

**WILLIAM EVANS**

**v.**

**HARRY VINSON**

# <u>JURY INSTRUCTIONS</u>

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. I will then explain the elements, or individual parts, of the claims in question.

You have two main duties as a juror. First, you must decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Second, it is your duty to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

Mr. Evans and the attorney for Mr. Vinson may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life.

Another part of your job as jurors is to decide the credibility of each witness. This is

your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed light on each witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and unaided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

**INSTRUCTION NO. 1**

**Introductory Instruction**

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff William Evans claims that Defendant Harry Vinson violated his First and Fourth Amendment rights while acting under color of state law as an employee of the Kentucky Department of Corrections.

Evans claims that Vinson violated his Fourth Amendment rights by conducting a search that was unreasonable.

Evans claims that Vinson violated his First Amendment rights by placing him in administrative segregation in retaliation for helping a fellow inmate file a grievance against certain correctional officers at the Kentucky State Penitentiary.

Vinson denies violating Evans's rights. He claims that the drug test administered to Evans did was reasonable. Additionally, Vinson claims that he did not retaliate against Evans in violation of his First Amendment rights.

**INSTRUCTION NO. 2**

**Elements of a Section 1983 Action**

In order to prevail on his section 1983 claim against Defendant Harry Vinson, Plaintiff William Evans must prove each of the following elements by a preponderance of the evidence:

1. That Defendant Harry Vinson acted under color of law; and
2. That the acts by Defendant Harry Vinson deprived Plaintiff William Evans of his particular rights under the Constitution of the United States as explained in Instruction No. 3 and Instruction No. 4 below.

You are instructed that Vinson acted under color of law in this case. Therefore, you must only determine whether Evans has proved all the additional elements he is required to prove against Vinson under Instruction No. 3 and Instruction No. 4.

## INSTRUCTION NO. 3

### Particular Right - Fourth Amendment

Plaintiff William Evans has the burden of proving that Defendant Harry Vinson deprived Evans of particular rights under the United States Constitution. In this case, Evans alleges that Vinson deprived him of his rights under the Fourth Amendment.

Under the Fourth Amendment, all individuals, including prisoners, have the right to be free from unreasonable searches of their person. A search of one's person includes the collection of blood, urine, and other substances that may be obtained from the body. An unreasonable search of one's person to collect these substances violates the Fourth Amendment. In order to prove that Vinson deprived Evans of his Fourth Amendment rights, Evans must prove, by a preponderance of the evidence, that:

1. Defendant Harry Vinson searched Plaintiff William Evans's person;
2. In conducting the search, Defendant Harry Vinson acted intentionally, and
3. The search was unreasonable.

The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. Reasonableness in the context of prison administration requires balancing the significant and legitimate security interest of the institution against the privacy interest of the inmates. Reasonableness requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. In determining whether the search in this case was reasonable, you should consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted.

**INSTRUCTION NO. 4**

**Particular Right - First Amendment**

Plaintiff William Evans has the burden of proving that the Defendant Harry Vinson deprived him of particular rights under the United States Constitution. In this case, Evans alleges that Vinson deprived him of his rights under the First Amendment to the Constitution when Vinson retaliated against Evans for helping a fellow inmate file a grievance against certain correctional officers at the Kentucky State Penitentiary.

Under the First Amendment, prisoners have the right to petition the government for redress of grievances. This right includes the right to file grievances in prison. When a prisoner is deprived of his right to file grievances, he may solicit fellow inmates to help him exercise that right. It is a violation of section 1983 for a person acting under color of law to retaliate against any inmate for helping another prisoner exercise his First Amendment right to petition the government for redress of grievances. In order to prove that Vinson retaliated against Evans because he helped a follow inmate exercise his First Amendment rights, Evans must prove, by a preponderance of the evidence, that:

1. Plaintiff William Evans engaged in protected conduct of filing a grievance on behalf of another inmate;
2. Defendant Harry Vinson took an adverse action against Plaintiff William Evans that would deter a person of ordinary firmness from continuing to engage in that conduct; and
3. The protected conduct engaged in by Plaintiff William Evans was a substantial or motivating factor for Defendant Harry Vinson's adverse action against Evans.

# INSTRUCTION NO. 5

## Definition - "Substantial or Motivating Factor"

"Substantial or motivating factor," as used in Instruction No. 4, means a significant factor.

## INSTRUCTION NO. 6

### Definition - "Preponderance of the Evidence"

The term "preponderance of the evidence" is used in these Instructions and deserves additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue in this case has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**INSTRUCTION NO. 7**

**Compensatory Damages**

If you find in favor of Plaintiff William Evans, then you may award him such sum as you find will fairly and justly compensate him for any humiliation, pain, suffering, or mental anguish he suffered because he was subject to an unreasonable search and/or retaliatory action by Defendant Harry Vinson. Note, that just because you are receiving an instruction as to damages does not mean that the Court is expressing any opinion as to whether or not Vinson should be held liable in this action.

Should you find that Evans is entitled to compensatory damages, any award you give must be fair compensation - no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 8

### Nominal Damages

If you find in favor of Plaintiff William Evans, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find that Evans has proved that he suffered actual injuries, you must award compensatory damages as described in Instruction No. 7, rather than nominal damages.

**INSTRUCTION NO. 9**

**Punitive Damages**

If you find for Plaintiff William Evans and award him compensatory or nominal damages, and if you are further satisfied by a preponderance of the evidence that Defendant Harry Vinson acted maliciously or wantonly in violating Evans's federally protected rights, you may in your discretion award punitive damages against Vinson in addition to the other damages.

"Punitive damages" are awarded against a defendant for the purpose of punishing the defendant for its misconduct, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that Vinson acted maliciously or wantonly in violating Evans's federally protected rights. A violation is "malicious" if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A violation is "wanton" if the person committing the violation recklessly or callously disregards the plaintiff's rights.

To award punitive damages, you must find that, by a preponderance of the evidence, Vinson acted maliciously or wantonly in violating Evans's federal rights. However, an award of punitive damages is discretionary; that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award punitive damages. Remember, before you can award punitive damages, you must find that the Vinson acted maliciously or wantonly in violating Evans's federal rights.

Finally, should you choose to award punitive damages, the amount of the award should only be that amount which punishes Vinson for harming Evans. You may not consider any harm

that may have been done to any other person that is not a party to this lawsuit.